# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD CALHOUN : | |
| 7026 Valley Avenue : | |
| Apartment 1 : | |
| Philadelphia, PA 19128 : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | No. 13-1874 |
| vs. : | |
| : | |
| OFFICER THOMAS O'BRIEN, : | |
| INDIVIDUALLY AND IN HIS : | |
| OFFICIAL CAPACITY : | |
| c/o Philadelphia Police Department : | |
| 750 Race Street : | JURY TRIAL DEMANDED |
| Philadelphia, PA 19106 : | |
| and : | |
| OFFICER TIMOTHY HENDRICKS, : | |
| INDIVIDUALLY AND IN HIS : | |
| OFFICIAL CAPACITY : | |
| c/o Philadelphia Police Department : | |
| 750 Race Street : | |
| Philadelphia, PA 19106 : | |
| and : | |
| OFFICER MATTHEW LALLY, : | |
| INDIVIDUALLY AND IN HIS : | |
| OFFICIAL CAPACITY : | |
| c/o Philadelphia Police Department : | |
| 750 Race Street : | |
| Philadelphia, PA 19106 : | |
| and : | |
| OFFICER RICHARD PRAUL, : | |
| INDIVIDUALLY AND IN HIS : | |
| OFFICIAL CAPACITY : | |
| c/o Philadelphia Police Department : | |
| 750 Race Street : | |
| Philadelphia, PA 19106 : | |
| and : | |
| OFFICER GERARD MURPHY, : | |
| INDIVIDUALLY AND IN HIS : | |
| OFFICIAL CAPACITY : | |
| c/o Philadelphia Police Department : | |
| 750 Race Street : | |
| Philadelphia, PA 19106 : | |

|  |  |
|---|---|
| and | : |
| OFFICER JEREMY ELLIOT, | : |
| INDIVIDUALLY AND IN HIS | : |
| OFFICIAL CAPACITY | : |
| c/o Philadelphia Police Department | : |
| 750 Race Street | : |
| Philadelphia, PA 19106 | : |
| and | : |
| SERGEANT RALPH HARRIS, | : |
| INDIVIDUALLY AND IN HIS | : |
| OFFICIAL CAPACITY | : |
| c/o Philadelphia Police Department | : |
| 750 Race Street | : |
| Philadelphia, PA 19106 | : |
| and | : |
| JOHN DOE-5 | : |
| c/o Philadelphia Police Department | : |
| 750 Race Street | : |
| Philadelphia, PA 19106 | : |
| and | : |
| JOHN DOE-6 | : |
| c/o Philadelphia Police Department | : |
| 750 Race Street | : |
| Philadelphia, PA 19106 | : |
|  | : |
| Defendants. | : |
|  | : |

# CIVIL ACTION COMPLAINT

## NATURE OF THE COMPLAINT

1. This is an action seeking to redress wrongs committed against Plaintiff in violation of the rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution, and are actionable against such Defendants pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. Section 1983, as well as pursuant to the Pennsylvania Constitution and other state laws. The actions taken against Plaintiff have resulted in severe physical and emotional injury, monetary damage, and severe distress, causing, but not limited to, humiliation, anxiety and other physical ailments and emotional damages. Defendants' conduct is

so egregious and outrageous and intentional, that Plaintiff seeks punitive damages.

## JURISDICTION

2.    This Court retains jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, 1343, and also retains supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Sec. 1367.

## PARTIES

3.    Plaintiff Ronald Calhoun is an individual residing at 7026 Valley Avenue, Apartment 1, Philadelphia, PA 19128.

4.    Defendant Officer Thomas O'Brien, herein referred to as "Officer O'Brien," is a Philadelphia Police Officer.

5.    Defendant Officer Timothy Hendricks, herein referred to as "Officer Hendricks," is a Philadelphia Police Officer.

6.    Defendant Officer Matthew Lally, herein referred to as "Officer Lally," is a Philadelphia Police Officer.

7.    Defendant Officer Richard Praul, herein referred to as "Officer Praul," is a Philadelphia Police Officer.

8.    Defendant Officer Gerard Murphy, herein referred to as "Officer Murphy," is a Philadelphia Police Officer.

9.    Defendant Officer Jeremy Elliot, herein referred to as "Officer Elliot," is a Philadelphia Police Officer.

10.    Defendants Officer O'Brien, Officer Hendricks, Officer Lally, Officer Praul, Officer Murphy, and Officer Elliot are collectively referred to herein as "Defendant Officers."

11.    Defendant Sergeant Ralph Harris, herein referred to as "Sergeant Harris," is a

Philadelphia Police Sergeant.

12. Defendant John Doe-5 is a Philadelphia Police Officer, who at all times material hereto was in the employment of Defendant City of Philadelphia and Defendant Philadelphia Police Department.

13. Defendant John Doe-6 is a Philadelphia Police Officer, who at all times material hereto was in the employment of Defendant City of Philadelphia and Defendant Philadelphia Police Department.

14. At all times material hereto, Officer O'Brien, Officer Hendricks, Officer Lally, Officer Praul, Officer Murphy, Officer Elliot, Sergeant Harris and Defendants John Doe-5 and Defendant John Doe-6 were individuals pursuant to 42 U.S.C. Section 1983, 42 U.S.C. Section 1985, and 42 U.S.C. Section 1986, and acted in their individual and/or official capacity and were acting within the course and scope of their employment and authority at the direction of Defendants City of Philadelphia, Philadelphia Police Department

15. At all times material and relevant hereto, all Defendants acted in concert and conspiracy with each other to unlawfully enter Plaintiff's home without probable cause, improperly and/or falsely arrest, assault and batter, search, imprison, inflict emotional distress, inflict cruel and unusual punishment, conspire to falsely accuse, obstruct justice, invade the privacy of Plaintiff, and otherwise deprive Plaintiff of rights guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania and the U.S. Constitution while acting within the course and scope of their agency, servitude and/or employment.

16. At all times material hereto, all Defendants were acting under the color of state law.

**FACTUAL ALLEGATIONS**

17.     On May 5, 2011, Defendants Officers unlawfully, and without probable cause, intentionally entered Plaintiff Ronald Calhoun's home by breaking down his front door, and caused Plaintiff to be injured, falsely taken into police custody, and forcibly hospitalized on a §7302 involuntary commitment, through the illegal, unauthorized and unnecessary application of excessive and/or deadly force.

18.     Specifically, Defendants Officer O'Brien, Officer Hendricks, Officer Lally, Officer Praul, Officer Murphy, and/or Officer Elliot and/or Defendants John Doe-5 and Defendant John Doe-6 failed to knock and announce their presence, broke down the front door to Plaintiff's home, and entered without probable cause or a valid search warrant, despite the lack of exigent circumstances or any other justification for such an intrusion. Defendant Sergeant Harris was the responsible officer for the unlawful entry, search, seizure and arrest. Once inside Plaintiff's home unlawfully, Defendant Officers drew their tasers, threatening Plaintiff with serious bodily injury, and intentionally and maliciously attacked and shot Plaintiff with a taser/stun gun while Plaintiff lawfully stood inside his own home. These egregious and unlawful actions forced Plaintiff to leave his home, at which point, Defendants Officer O'Brien, Officer Hendricks, Officer Lally, Officer Praul, Officer Murphy, and/or Officer Elliot shot Plaintiff at least three more times with a taser/stun gun, causing Plaintiff to violently fall onto his knees and onto a sidewalk. One of more of Defendant Officers then unlawfully took Plaintiff into police custody, transporting him to Temple Hospital–Episcopal Campus, and caused Plaintiff to be involuntarily committed under §7302 of Pennsylvania Mental Health Code Title 50 in an attempt to justify and conceal their actions.

19.     As a result of the aforesaid actions of All Defendants, Plaintiff Ronald Calhoun has

suffered injuries which are serious and may be permanent in nature, including but not limited to: lacerations to his feet and toes resulting in scarring, puncture wounds to his back and abdomen resulting in scarring, injuries to his knees, tremendous pain from electrocution, and severe, pervasive psychological injuries including sleeplessness, nightmares, night terrors, paranoia, and emotional distress, all or some of which may be known or may still be discovered and all or some of which are or may be permanent in nature.

20. Plaintiff was released from Temple Hospital–Episcopal Campus on May 6, 2011 when treating physicians determined he was not then, nor had ever been, mentally unstable or a danger to himself or others.

21. When Plaintiff returned to his home on May 6, 2011, he observed that the front door of his apartment had been broken off its hinges as a result of the unlawful police entry.

22. The conduct of All Defendants has been, and remains, malicious and outrageous, such that it shocks the conscience of the reasonable and ordinary person, warranting the imposition of punitive damages.

### COUNT I

**VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION UNLAWFUL SEARCH AND SEIZURE AND EXCESSIVE FORCE**

**Plaintiff Ronald Calhoun v. All Defendants**

23. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

24. At all times material hereto, Plaintiff possessed a liberty interest to be free from unreasonable searches and seizures, including but not limited to the right to be free from unwarranted intrusion into the privacy of his home and person absent probable cause or a proper

search warrant based upon probable cause. Defendant Officers and Defendant Sergeant Harris violated Plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution, as secured by 42 U.S.C., Section 1983. All Defendants lacked probable cause to believe a crime was being committed inside the home, did not obtain a search warrant before entering the home, and no exigent circumstances existed to justify such an egregious intrusion into Plaintiff's home without consent.

25.     At all times material hereto, Plaintiff possessed a liberty interest to be free from unreasonable seizure, including but not limited to the right to be free from extreme, unwarranted, and unnecessary use of excessive force. As a result of the actions taken against Plaintiff by Defendant Officers and Defendant Sergeant Harris, Plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution, as secured by 42 U.S.C., Section 1983, were violated.

26.     At all times material hereto, Plaintiff possessed a liberty interest in his bodily integrity which was, and is, protected by the Fourteenth Amendment to the Constitution of the United States, including but not limited to the right to be free from extreme, unwarranted, and unnecessary use of excessive force. As a result of the actions taken against Plaintiff by Defendant Officers and Defendant Sergeant Harris, Plaintiff's rights pursuant to the Fourteenth Amendment to the United States Constitution, as secured by 42 U.S.C. Section 1983, were violated.

27.     At all times material hereto, the actions of Defendant Officers and Defendant Sergeant Harris, as above-described, constituted a willful disregard and/or reckless indifference to the safety of individuals, and intentional conspiracy to maliciously, vengefully and with bias violate Plaintiff's constitutional rights, by taking a course of conduct that included, but was not limited to, the following:

  a.  the utilization of excessive force;

  b.  the excessive/inappropriate use of tasers and/or stun-guns;

  c.  improper documentation and reporting with regard to the use of excessive force;

  d.  improper documentation and reporting with regard to the use of tasers and/or stun-guns;

  e.  covering-up or attempting to hide and/or seclude the fact that excessive force was used upon an individual;

  f.  covering-up or attempting to hide and/or seclude the fact that a taser or stun-gun was used upon an individual;

  g.  utilizing excessive and/or deadly force through malice;

  h.  utilizing unwise, excessive zeal, constituting an abuse of official power;

  i.  failing to have in place appropriate training on stun-gun use;

  j.  failing to enforce and/or regularly and intentionally disregarding the any and/or all of the above-described policies.

28. As a result of the actions of Defendant Officers and Defendant Sergeant Harris, Plaintiff has suffered severe and permanent injuries as set-forth *supra.*

29. As a result of the actions of Defendant Officers and Defendant Sergeant Harris, Plaintiff has been forced to expend and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

30. As a further result of the actions of Defendant Officers and Defendant Sergeant Harris, Plaintiff has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

31. As a further result of the actions of Defendant Officers and Defendant Sergeant

Harris, Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

32. As a further result of the actions of Defendant Officers and Defendant Sergeant Harris, Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

33. The actions of the Defendant Officers and Defendant Sergeant Harris, under the color of state law, as more fully described herein above, deprived Plaintiff in his liberty interest in his bodily integrity in violation Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, as secured by 42 U.S.C., Section 1983.

34. As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT II

### VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION BYSTANDER LIABILITY

### Plaintiff Ronald Calhoun v. All Defendants

35. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though the same were fully set forth at length herein.

36. Plaintiff Ronald Calhoun believes and therefore avers that Defendants Officer O'Brien, Officer Hendricks, Officer Praul, Officer Murphy, Officer Elliot, and/or Sergeant Harris stood idly by while the Plaintiff was subjected to excessive force by Defendant Officers, which deprived the Plaintiff of his constitutional rights and privileges under the Constitution of the United States and laws of the United States.

37. Plaintiff believes and therefore avers that Defendants Officer O'Brien, Officer Hendricks, Officer Praul, Officer Murphy, Officer Elliot, and/or Sergeant Harris encouraged and failed to prevent the assault and battery of the Plaintiff, which deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

38. As aforesaid, Defendant Officers and/or Defendant Sergeant Harris failed to fulfill their obligation to intervene when he had an independent and affirmative duty to prevent the assault and battery and excessive use of force against Plaintiff.

39. By encouraging and failing to intervene, Defendants Officer O'Brien, Officer Hendricks, Officer Praul, Officer Murphy, Officer Elliot, and/or Sergeant Harris effectively assisted Defendant Officers in the assault and battery and excessive use of force against Plaintiff, and thereby deprived the Plaintiff of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

40. As a result of the intentional actions/inactions of Defendant Officers and/or Defendant Sergeant Harris, Plaintiff has suffered severe and permanent injuries as set-forth *supra*.

41. As a result of the intentional actions/inactions of Defendant Officers and/or Defendant Sergeant Harris, Plaintiff has been forced to expend and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

42. As a result of the intentional actions/inactions of Defendant Officers and/or Defendant Sergeant Harris, Plaintiff has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

43. As a result of the intentional actions/inactions of Defendant Officers and/or Defendant Sergeant Harris, Plaintiff has suffered severe physical pain and trauma, mental upset

and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

44. As a result of the intentional actions/inactions of Defendant Officers and/or Defendant Sergeant Harris, Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

45. As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT III

### VIOLATION OF 42 U.S.C.A. SECTION 1983, U.S. CONSTITUTION - THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION FALSE ARREST AND FALSE IMPRISONMENT

#### Plaintiff Ronald Calhoun v. All Defendants

46. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

47. The acts of Defendant Officers and Defendant Sergeant Harris, in their individual capacities, as set-forth at length above, constitute false arrest and imprisonment of Plaintiff Ronald Calhoun without probable cause, without privilege, and against Plaintiff's will, which deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States

48. As a result of the intentional actions of Defendant Officers and Defendant Sergeant Harris, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

49. As described herein, Defendants' acts or omissions were in willful, malicious

wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT IV

### ASSAULT, BATTERY, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER PENNSYLVANIA LAW

### Plaintiff Ronald Calhoun v. All Defendants

50. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

51. The acts of Defendant Officers and Defendant Sergeant Harris, in their individual capacities, as set-forth at length above, constitute assault, battery, and intentional infliction of emotional distress, pursuant to the laws of the Commonwealth of Pennsylvania.

52. Such assault, battery, and intentional infliction of emotional distress were caused by Defendant Officers and Defendant Sergeant Harris' willful disregard and/or reckless indifference to the safety of Plaintiff, as described *supra,* by taking a course of conduct that included, but was not limited to, the following:

    a. the utilization of excessive force;

    b. the inappropriate use of deadly force;

    c. using deadly force upon an individual who was not an immediate threat;

    d. utilizing excessive and/or deadly force through malice;

    e. unwise, excessive zeal, constituting an abuse of official power.

53. As a result of the intentional actions of Defendant Officers and Defendant Sergeant Harris, Plaintiff has suffered severe and permanent injuries as set-forth above.

54.     As a result of the intentional actions of Defendant Officers and Defendant Sergeant Harris, Plaintiff has suffered and continues to suffer severe and agonizing pain, which will continue throughout his lifetime.

55.     As a result of the intentional actions of Defendant Officers and Defendant Sergeant Harris, Plaintiff has been forced to expend and will continue to expend, large sums of money to care for his injuries, which expenses will continue indefinitely into the future.

56.     As a result of the intentional actions of Defendant Officers and Defendant Sergeant Harris, the Plaintiff has suffered a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

57.     As a result of the intentional actions of Defendant Officers and Defendant Sergeant Harris, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

58.     As a result of the intentional actions of Defendant Officers and Defendant Sergeant Harris, the Plaintiff has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

59.     As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## COUNT V

## FALSE ARREST AND FALSE IMPRISONMENT UNDER PENNSYLVANIA LAW

### Plaintiff Ronald Calhoun v. All Defendants

60.     Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, as though each were set forth at length herein.

61. The acts of Defendant Officers and Defendant Sergeant Harris, in their individual capacities, as set-forth at length above, constitute false arrest and imprisonment of Plaintiff Ronald Calhoun without probable cause, without privilege, and against Plaintiff's will, in violation of Pennsylvania law.

62. As a result of the intentional actions of Defendant Officers and Defendant Sergeant Harris, the Plaintiff has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

63. As described herein, Defendants' acts or omissions were in willful, malicious wanton, reckless and/or callous disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial in this matter.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Ronald Calhoun respectfully pray that this Court award the following relief:

      a. Exercise jurisdiction over this matter;

      b. Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate him for his injuries and damages;

      c.

      d. Award Plaintiff punitive damages;

      e.

      d. Declare unconstitutional and unlawful Defendants' violations of Plaintiff's rights;

      e. Award Plaintiff his reasonable attorney fees and costs; and

  f. Grant such other relief as the Court deems just, proper and equitable; all of which is in excess of $150,000.00.

               Respectfully submitted,

                s/    EAP2098
               Edith A. Pearce, Esquire
               Attorney for Plaintiff
               The Pearce Law Firm, P.C.
               1429 Walnut Street, 14th Floor
               Philadelphia, PA   19102
               (215) 557-8686

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD CALHOUN<br>7026 Valley Avenue<br>Apartment 1<br>Philadelphia, PA 19128 | :<br>:<br>:<br>: |
| Plaintiff, | : CIVIL ACTION<br>:<br>: No. 13-1874 |
| vs. | :<br>: |
| OFFICER THOMAS O'BRIEN,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY<br>c/o Philadelphia Police Department<br>750 Race Street<br>Philadelphia, PA 19106 | :<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel for Plaintiff in the above-captioned matter and that I served a copy of Plaintiff's Amended Complaint upon the below noted counsel via regular mail and email.

Niya L. Blackwell, Esquire
City of Philadelphia Law Department
1515 Arch Street
Philadelphia, PA 19107


6/18/13
Date

                                           s/   EAP2098
                                           Edith A. Pearce, Esquire
                                           Attorney for Plaintiff
                                           The Pearce Law Firm, P.C.
                                           1429 Walnut Street, 14th Floor
                                           Philadelphia, PA   19102
                                           (215) 557-8686